IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

CATHERINE McROBERTS,                    )
                                        )
               Plaintiff,               )
                                        )        No. 07-2065 EJM
       v.                               )
                                        )        ORDER
UNIVERSITY OF NORTHERN IOWA; THE        )
BOARD OF REGENTS; and THE STATE         )
OF IOWA,                                )
                                        )
               Defendant.               )

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed October 31, 2008. Briefing concluded December 24, 2008. Granted in part and denied in part.

Plaintiff, a resident of Cedar Falls, Iowa, and an employee of the University of Northern Iowa (UNI) Physical Plant Department at all relevant times, brings this action against UNI, the Iowa State Board of Regents, and the State of Iowa, seeking damages for sex discrimination in violation of 42 USC §2000(e) (Count 1), violations of the Equal Pay Act (EPA), 29 USC §206 (Count 3), and for retaliation under 42 USC § 2000(e)(Count 4). The court has jurisdiction pursuant to 28 USC §1331.

On January 8, 2008, the court dismissed Count 2, and dismissed Count 4 to the extent that plaintiff there claimed retaliation in violation of the Iowa Civil Rights Act.

Plaintiff asserts she became manager of the UNI Physical Plant Department in 2001, that there have been several managers, that she has been the only woman in that position, and at all times she has received unequal pay for equal work because of her sex in violation of 42 USC §2000(e)-2(a)(1) and 29 USC §206(d)(1). She further asserts that she has been a victim of retaliation for engaging in the protected activity of raising discrimination claims, suffering the adverse employment actions of a schedule change and a failure to promote.

Defendants seek summary judgment, asserting that while plaintiff claims defendants have failed to provide her with equal pay for work equal to that performed by her male co-employees, she has not come forward with sufficient evidence to establish that her job at UNI is substantially equal to the jobs of the seventeen male co-employees to which she compares her job. Additionally, defendants assert that plaintiff has not come forward with sufficient evidence to support her retaliation claims.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of

material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

The standard governing a claim of unequal pay for equal work is the same for Title VII of the Civil Rights Act of 1964, 42 USC §2000e, and the EPA. Horn v. University of Minnesota, 362 F3d 1042, 1045 (8th Cir. 2004). In order to establish a prima facie case, plaintiff must show that UNI paid male employees higher pay "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." Horn, supra, 362 F3d at 1045. The jobs need only be "substantially equal," which is a factual inquiry. Simpson v. Merchants & Planters Bank, 441 F3d 572, 578 (8th Cir. 2006).

While defendants assert that plaintiff's job is not "substantially equal" to the jobs of the seventeen male employees to which she compares her situation, it is the court's view that there exists a disputed issue of material fact, and therefore the motion shall be denied on this claim.

As to retaliation against plaintiff, defendants assert that her retaliation claim is based upon UNI's changing her work hours from 6:30 a.m. to 3:30 p.m., to 7:30 a.m. to 4 p.m. Defendants assert that this schedule change occurred more than 300 days prior to plaintiff's May 17, 2007 filing of her complaint with the Iowa Civil Rights Commission and the EEOC, and it is therefore untimely pursuant to 42 USC §2000-e(5)(e)(1). Additionally, noting that apart from the

minor change in schedule, there was no change in her job title, wage, vacation, sick leave, seniority, retirement, or any other benefit, defendants assert that she cannot show the action was "materially adverse," one of the elements of the prima facie case of retaliation. Horn, supra, 362 F3d at 1046. Further, defendants assert that plaintiff cannot show causation, or pretext, as UNI has come forward with a legitimate non-discriminatory reason for the schedule change, to wit, part of a policy change for all Professional and Scientific employees in order to provide as much coverage as possible during the University's business hours of 8 a.m. to 5 p.m.

As to an additional retaliation claim, it appears plaintiff learned during the course of this action that there was a plan under consideration to move another employee to her supervision, and following plaintiff's wage discrimination claim made to UNI, that decision was put on hold, and then abandoned. Plaintiff characterizes this as a "failure to promote" claim. Defendants assert that the decision to abandon the plan to move another employee under her supervision did not result in any change for plaintiff, and therefore it was not a materially adverse action.

Upon review and in light of the appropriate standards, it is the court's view that the schedule change which is incorporated in plaintiff's retaliation claim fails to satisfy the "materially adverse" element of her claim, and further, it appears undisputed that it is time-barred. As to the "failure to promote" retaliation claim raised by plaintiff, the court finds there exist disputed issues of material fact.

4

It is therefore

ORDERED

Motion for Summary Judgment granted as to plaintiff's claim of retaliation based upon schedule change, and denied as to plaintiff's remaining claims.

March 26, 2009.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT